Disciplinary Proceedings
PER CURIAM.
Disciplinary Counsel has served notice upon this Court that the Supreme Court of the State of California has ordered disciplinary measures to be imposed against Charles William Cook, a member of the California Bar and a member of the Louisiana Bar, for his misconduct as a lawyer.
Disciplinary Counsel’s notice was served pursuant to Rule XIX, Section 21 A, so that reciprocal disciplinary proceedings can be initiated in Louisiana and, pursuant to Section 21 B & D, reciprocal disciplinary measures can be imposed by this Court.
The respondent was served with notice of the Disciplinary Counsel’s actions and the pending reciprocal disciplinary measures sought to be imposed against him, and afforded thirty days from service of notice to inform this Court whether imposition of identical disciplinary measures would be unwarranted, and if so, the reasons why identical measures should not be imposed. Respondent has been afforded time to answer but has not done so.
Accordingly, under Rule XIX, this Court hereby takes notice of the disciplinary measures imposed against Charles William Cook by the Supreme Court of California, by order dated August 11, 1993, to wit:
It is ordered that Charles William Cook be suspended from the practice of law for two years, that execution of suspension be stayed, and that he be placed on probation for 60 days and until he submits a written request for an assignment of a probation monitor, meets with his probation monitor, notifies the State Bar of his current address, and submits a written plan for making restitution. He is also ordered to comply with the remainder of the conditions of probation, including restitution, recommended by the Hearing Department of the State Bar Court in its decision filed March 18,1993. If Charles William Cook remains on inactive enrollment pursuant to Business and Professions Code section 6007(e) and actual suspension for a period totalling two years or more, he shall remain actually suspended from the practice of law until he has shown proof satisfactory to the State Bar Court of his rehabilitation, fitness to practice and learning and ability in the general law pursuant to standard 1.4(c)(ii), Standards for Attorney Sanctions for Professional Misconduct. It is further ordered that he take and pass the California Professional Responsibility Examination during the period of his actual suspension and remain actually suspended until he has done so. (See Segretti v. State Bar (1976) 15 Cal.3d 878, 891, fn. 8, 126 Cal.Rptr. 793, 544 P.2d 929.) Costs are awarded to the State Bar.
We do hereby impose the same disciplinary measures with one exception: neither this Court nor the Disciplinary Counsel will monitor or enforce the terms and conditions attendant to Charles William Cook’s suspension, but we will otherwise honor and impose the same suspension imposed by the State of California, for the same length of time, until it is shown that he has complied with all conditions imposed by the Supreme Court of California and the California Bar, to the satisfaction of the California Courts and Bar.
RECIPROCAL DISCIPLINE IMPOSED.